**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-6715**

---

JODY LARRY MORROW,

                                    Petitioner - Appellant,

        versus

SIDNEY   HARKLEROAD,   Marion   Correctional
Institution;  ROY  A.  COOPER,  III,  Attorney
General of North Carolina,

                                    Respondents - Appellees.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.  Lacy H. Thornburg,
District Judge.  (CA-02-142-2)

---

Submitted:  September 12, 2003      Decided:  October 10, 2003

---

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Ann Bach Petersen, James Richard Glover, GLOVER & PETERSEN, P.A.,
Chapel Hill, North Carolina, for Appellant.  Clarence Joe DelForge,
III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh,
North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jody Larry Morrow appeals from the order of the district court denying relief on his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (2000). In reviewing the denial of a § 2254 petition, this Court may only grant a certificate of appealability if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The relevant inquiry is whether "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, ___, 123 S. Ct. 1029, 1040 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Morrow has failed to make this showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2